> [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 121.*]

Appeal from Trial Term, Erie County.

Action by Rufus M. Choate against George S. Beebe. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

See, also, 136 App. Div. 911, 120 N. Y. Supp. 1117.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Gordon F. Matthews, for appellant.
Clinton L. Horton, for respondent.

SPRING, J. On the 15th of September, 1906, the parties entered into the following written agreement:

> It is hereby agreed by and between Rufus M. Choate, of Buffalo, N. Y., and George S. Beebe, of Silver Creek, N. Y.: 'Said Choate to sell said Beebe 297 shares of Silver Creek Gas & Improvement Company stock for the sum of one ($1) dollar; and 20 shares of the Hanover Telephone Co. stock, main office at Silver Creek, N. Y. Said exchange and sale to take place on or before October 5, 1906.          [Signed] Rufus M. Choate.
>                                                                                      George S. Beebe.

The shares of Gas & Improvement Company stock were delivered over to the defendant simultaneously with the execution of the agreement. The plaintiff has brought this action to recover damages for breach of the agreement on the part of the defendant for failure to transfer to the plaintiff the 20 shares of Telephone Company stock as stipulated in the agreement. In attempted performance of the contract the defendant did deliver to the agent of the plaintiff a certificate of stock, duly executed and attested, and which contained the following:

Incorporated under the Laws of the State of New York.

No. 114.　　　　　　　　　　　　　　　　　　　　Shares, 20.

The Hanover Telephone Co.

Capital Stock, $2,500.00

This certifies that Rufus M. Choate is the owner of twenty shares of par value ten dollars each of the capital stock of the Hanover Telephone Company.

The plaintiff's agent gave a receipt for these shares of stock, but later returned the same to the defendant, and it is claimed the certificate does not represent the stock which the defendant agreed to transfer.

The plaintiff's counsel, for the purpose of identifying the stock and to support his contention, endeavored to show the amount of the capital stock of the Hanover Telephone Company, its par value, and other facts which might have been material on that issue, all of which was excluded, and to which exception was taken. I think this evidence was competent. The written agreement was complete in itself, and the plaintiff should not be allowed to vary its terms, as no fraud is charged; but the defendant undertook to deliver to the plaintiff 20 shares of the capital stock of the Hanover Telephone Company, of the par value of $10 each, and the agreement does not state the shares to be transferred are of that value. The fair meaning of that obligation is that the shares should be of the capital stock as the company was then capitalized. It is the claim of the plaintiff that the shares delivered were not of that kind. He should have been permitted to show that fact, if true.

The rights of the parties are fixed by the agreement, and so far as the record shows the sole issue within the pleadings was whether the certificate delivered to the plaintiff was a performance of the agreement by the defendant. The judgment should be reversed.

Judgment reversed, and a new trial granted, with costs to the appellant to abide event. All concur.